United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHREE JALARAM LLC, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-06409-LB<br><br>**ORDER GRANTING SHREE JALARAM DEFENDANTS' UNOPPOSED MOTION FOR ENTRY OF JUDGMENT**<br><br>Re: ECF No. 83 |

Plaintiff Joseph Thomas filed this lawsuit against Randall Shaw, Mwangi Mukami, Jeffrey Scarcello, Tenderloin Housing Clinic Inc., Balwantsinh D. Thakor, Kiransinh Thakor, and Shree Jalaram Lodging LP (erroneously sued as Shree Jalaram LLC).[1] The Thakors and Shree Jalaram Lodging (collectively, the "Shree Jalaram defendants") moved to dismiss, and on August 1, 2019, the court granted their motion, finding that Mr. Thomas had released his claims against them in prior settlement agreements and that his claims were barred by res judicata. *Thomas v. Shree Jalaram LLC*, No. 18-cv-06409-LB, 2019 WL 3503086 (N.D. Cal. Aug. 1, 2019).[2] The other defendants did not move to dismiss, and this case will continue against them.

---

[1] Amend. Compl. – ECF No. 46. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 82.

ORDER – No. 18-cv-06409-LB

The Shree Jalaram defendants now move under Federal Rule of Civil Procedure 54(b) for entry of judgment with respect to them.[3] No party filed an opposition.[4] The court can decide the motion without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court grants the Shree Jalaram defendants' motion for entry of judgment.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In evaluating a motion under Rule 54(b), a court "must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (some nested internal quotation marks omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). "Then it must determine whether there is any just reason for delay." *Id.* "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* (some nested internal quotation marks omitted) (quoting *Curtiss-Wright*, 446 U.S. at 8).

The court's order dismissing Mr. Thomas's claims against the Shree Jalaram defendants is an ultimate disposition of those claims. And the court finds there is no just reason to delay entering a judgment with respect to the Shree Jalaram defendants. Any further developments with respect to Mr. Thomas's claims against the remaining defendants would not affect the release and res judicata that bars his claims against the Shree Jalaram defendants. *Cf. AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (affirming Rule 54(b) certification of judgment where "[t]he district court found that there was no risk of duplicative effort by the courts because any subsequent judgments in this case would not vacate its judgment on [the at-issue]

---

[3] Shree Jalaram Defs. Mot. for Entry of Judgment – ECF No. 83.

[4] *See* Docket.

ORDER – No. 18-cv-06409-LB 2

counterclaim"). And entering judgment with respect to the Shree Jalaram defendants would relieve them of the need to continue to monitor this case and thus free them from further unduly burdensome litigation. *Cf. Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (affirming Rule 54(b) certification of judgment where doing so would "free[] [defendant] from further unduly burdensome litigation"). The court thus grants the Shree Jalaram defendants' motion and enters judgment in their favor pursuant to Rule 54(b). *Cf., e.g.*, *Hung v. Tribal Techs.*, No. C 11-04990 WHA, 2014 WL 6065620, at *3 (N.D. Cal. Nov. 12, 2014) (where plaintiff's claims against one defendant were barred by res judicata, entering Rule 54(b) judgment for that defendant while case against other defendant continued), *aff'd*, 682 F. App'x 602 (9th Cir. 2017).

**IT IS SO ORDERED.**

Dated: September 9, 2019

LAUREL BEELER
United States Magistrate Judge