UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RANDALL SHAW, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-06409-LB<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT JEFFREY SCARCELLO SHOULD NOT BE DISMISSED**<br><br>Re: ECF No. 1 |

　　Plaintiff Joseph Thomas brings this suit against defendants Randall Shaw, Mwangi Mukami, Jeffrey Scarcello, and Tenderloin Housing Clinic Inc.[1]

　　Mr. Thomas brings only one claim against Mr. Scarcello: a putative claim for violation of "the Civil Rights Act of 1968[,] 18 USC §5245(b)(2), the Violent Crime Control and Law Enforcement Act[,] 28 USC §994 note sec. 280003."[2] Mr. Thomas alleges that Mr. Scarcello used "fighting words" and various epithets against him and got into an altercation with him.[3] (Mr. Scarcello, for

---

[1] [Second] Amend. Compl. ("SAC") – ECF No. 46. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. Mr. Thomas also sued defendants Balwantsinh D. Thakor, Kiransinh Thakor, and Shree Jalaram LLC, but those defendants have been dismissed from the case. Order – ECF No. 82.

[2] SAC – ECF No. 46 at 7.

[3] *Id.* at 6 (¶ 13).

ORDER – No. 18-cv-06409-LB

his part, claims that Mr. Thomas was the one who assaulted him and that Mr. Thomas broke his nose.[4])

A court may dismiss a plaintiff's claims on its own initiative where the plaintiff does not state a valid, legally cognizable claim. *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017). It does not appear to the court that Mr. Thomas has pleaded a valid claim against Mr. Scarcello. First, there is no such statute as 18 U.S.C. § 5245. Second, 28 U.S.C. § 994 simply empowers the U.S. Sentencing Commission to establish sentencing guidelines, and Section 28003 is a direction to the Sentencing Commission regarding sentencing enhancements for hate crimes. Neither 28 U.S.C. § 994 nor Section 28003 creates a private right of action for a plaintiff like Mr. Thomas to bring a civil claim. *Stevens v. Skolnik*, No. 3:09-cv-00227-RCJ (RAM), 2010 WL 3081254, at *3 (D. Nev. May 19, 2010) (report and recommendation) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)), *adopted*, 2010 WL 3119188 (D. Nev. Aug. 3, 2010). To the extent Mr. Thomas is alleging that Mr. Scarcello violated criminal laws more generally, "[a] private citizen may not sue under the federal criminal laws absent some language in the statute that suggests a private right of action." *Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2014 WL 4220319, at *3 (N.D. Cal. Aug. 25, 2014) (citing *Ou-Young v. Vasquez*, No. 12-CV-02789-LHK, 2012 WL 5471164, at *4 (N.D. Cal. Nov. 9, 2012)).

In light of the above, the court orders Mr. Thomas to file a statement of no more than five double-spaced pages showing cause why the court should not dismiss his claims against Mr. Scarcello. Mr. Thomas must file this statement within two weeks, i.e., by November 14, 2019. Alternatively, if Mr. Thomas agrees that he no longer wants to pursue a claim against Mr. Scarcello, the parties may file a joint stipulation, signed by all parties, dismissing Mr. Scarcello from the case.

**IT IS SO ORDERED.**

Dated: October 31, 2019

LAUREL BEELER
United States Magistrate Judge

---

[4] Scarcello Answer – ECF No. 112 at 5.