UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>RANDALL SHAW, et al.,<br><br>    Defendants. | Case No. 18-cv-06409-LB<br><br>**ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT JEFFREY SCARCELLO**<br><br>Re: ECF No. 116, 117 |

**INTRODUCTION**

Plaintiff Joseph Thomas brings this suit against defendants Randall Shaw, Mwangi Mukami, Jeffrey Scarcello, and Tenderloin Housing Clinic Inc.[1] Mr. Thomas brings only one claim against Mr. Scarcello: a putative claim for violation of "the Civil Rights Act of 1968[,] 18 USC §5245(b)(2), the Violent Crime Control and Law Enforcement Act[,] 28 USC §994 note sec. 280003."[2] Mr. Thomas alleges that Mr. Scarcello used "fighting words" and various epithets

---

[1] [Second] Amend. Compl. ("SAC") – ECF No. 46. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. Mr. Thomas also sued defendants Balwantsinh D. Thakor, Kiransinh Thakor, and Shree Jalaram LLC, but those defendants have been dismissed from the case. Order – ECF No. 82.

[2] SAC – ECF No. 46 at 7.

ORDER – No. 18-cv-06409-LB

against him and got into an altercation with him.[3] (Mr. Scarcello, for his part, claims that Mr. Thomas was the one who assaulted him and that Mr. Thomas broke his nose.[4])

There is no such statute as 18 U.S.C. § 5245, and 28 U.S.C. § 994 and Section 280003 do not create a private right of action. Because of this, on October 31, 2019, the court issued an order for Mr. Thomas to show cause why his claims against Mr. Scarcello should not be dismissed.[5] On November 5, 2019, Mr. Thomas filed a response to the court's order to show cause.[6] Having reviewed the response, the court finds that Mr. Thomas has not shown cause. The court dismisses Mr. Thomas's claims against Mr. Scarcello. The court grants Mr. Thomas leave to file an amended complaint to replead against Mr. Scarcello.

## STATEMENT[7]

Mr. Thomas moved into the National Hotel Budget Inn ("Hotel") in San Francisco, California, in November 2012.[8] The Hotel "was overrun with bedbugs, roaches, mice, and rats. Every toilet and shower leaked or was inoperable, the heat did not work properly, and windows were missing."[9]

In December 2016, the Tenderloin Housing Clinic ("THC") took over the management of the Hotel and converted it into "supportive housing."[10] Mr. Thomas alleges that the THC clients brought "needles, sexual liaisons, bedbugs, roaches, noise, dogs, and visitors" to the Hotel and

---

[3] *Id.* at 6 (¶ 13).

[4] Scarcello Answer – ECF No. 112 at 5.

[5] Order to Show Cause – ECF No. 116. The court issued this order to show cause in part because Mr. Scarcello is pro se and might not understand how to file a motion to dismiss on his own and because a review of Mr. Thomas's complaint left the court with the view that he had not pleaded a cognizable claim against Mr. Scarcello.

[6] Pl. Resp. – ECF No. 117.

[7] Unless otherwise stated, the facts in the Statement are allegations from the SAC and are presumed to be true for the purposes of this order.

[8] SAC – ECF No. 46 at 4 (¶ 6).

[9] *Id.*

[10] *Id.* (¶ 8).

turned it into a "safe-injection site."[11] Mr. Thomas asked THC "about housing in a building that wasn't 'supportive housing;' but THC never responded."[12] Mr. Thomas alleges that THC "has a history of churning tenants in order to get higher rents" and that his "quiet enjoyment of the premises" lasted one month before the THC clients moved in.[13]

On December 11, 2017, Mr. Thomas was awoken by "fighting words" at his door.[14] Mr. Thomas alleges that Jeffrey Scarcello, another resident of the Hotel, was uttering racial and homophobic slurs at him through his door.[15] According to Mr. Thomas, Mr. Scarcello "incited the other tenants in the building by telling them the reason the heat wasn't working properly is because 'management was retaliating against the building' on account of [Mr. Thomas's] advisory to the tenants of their rights to safe and habitable living conditions."[16] Mr. Thomas alleges that:

> When I left my room to see what was going on, most of the mob disappeared back into their rooms. Only Scarcello continued the tirade, completely flushed and irrational. Scarcello repeatedly stood close enough so that spittle was sprayed into my face. This went on for what seemed forever. Half-asleep, and with my adrenaline surging, all I remember is chasing him away from my room.[17]

## ANALYSIS

A court may dismiss a plaintiff's claims on its own initiative where the plaintiff does not state a valid, legally cognizable claim. *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017). Before doing so, "the court must give notice of its intention to dismiss and afford plaintiff[] an opportunity to at least submit a written memorandum in opposition to such motion." *Id.* (internal quotation marks omitted) (quoting cases). The court gave Mr. Thomas notice of its intention to

---

[11] *Id.*

[12] *Id.* at 9 (¶ 18).

[13] *Id.* at 4–5 (¶¶ 9–10).

[14] *Id.* at 6 (¶ 13).

[15] *Id.*

[16] *Id.*

[17] *Id.*

ORDER – No. 18-cv-06409-LB     3

dismiss his claims against Mr. Scarcello and gave him an opportunity to submit a written memorandum in opposition.[18]

Mr. Thomas brings a claim against Mr. Scarcello for violations of "18 U.S.C. § 5245" and 28 U.S.C. § 994 and Section 280003. Mr. Thomas's claims against Mr. Scarcello are not cognizable and must be dismissed.

First, there is no such statute as 18 U.S.C. § 5245.

Second, 28 U.S.C. § 994 simply empowers the U.S. Sentencing Commission to establish sentencing guidelines, and Section 280003 is a direction to the Sentencing Commission regarding sentencing enhancements for hate crimes. Neither 28 U.S.C. § 994 nor Section 280003 creates a private right of action for a plaintiff like Mr. Thomas to bring a civil claim. *Stevens v. Skolnik*, No. 3:09-cv-00227-RCJ (RAM), 2010 WL 3081254, at *3 (D. Nev. May 19, 2010) (report and recommendation) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)), *adopted*, 2010 WL 3119188 (D. Nev. Aug. 3, 2010).

To the extent Mr. Thomas is alleging that Mr. Scarcello violated criminal laws more generally, "[a] private citizen may not sue under the federal criminal laws absent some language in the statute that suggests a private right of action." *Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2014 WL 4220319, at *3 (N.D. Cal. Aug. 25, 2014) (citing *Ou-Young v. Vasquez*, No. 12-CV-02789-LHK, 2012 WL 5471164, at *4 (N.D. Cal. Nov. 9, 2012)).

Mr. Thomas says in his response to the court's order to show cause that he had intended to sue Mr. Scarcello under 42 U.S.C. § 1983 for deprivation of his civil rights. Mr. Thomas has not pleaded facts that can support a Section 1983 claim against Mr. Scarcello. Section 1983 allows individuals to sue government officials who violate their civil rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. "The 'under color of state law' requirement is an essential element of a § 1983 case, and it is the plaintiff's burden to establish this element." *Gatpandan v. Wilmington Sav. Fund Soc'y FSB*, No. 17-cv-04001-LB, 2017 WL 5751208, at *2 (N.D. Cal. Nov. 28, 2017) (some internal quotation marks

---

[18] Order to Show Cause – ECF No. 116; *see also* Pl. Resp. – ECF No. 117.

omitted) (quoting *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *5 (N.D. Cal. June 28, 2013)). "'Purely private conduct, no matter how wrongful, is not covered under § 1983.'" *Id.* (quoting *Duenas*, 2013 WL 3298249, at *5). Mr. Thomas does not cognizably plead that Mr. Scarcello is a state actor (as opposed to a private individual), and he therefore cannot bring a Section 1983 claim against Mr. Scarcello.

Mr. Thomas argues that "Defendant Scarcello violated Plaintiff Thomas'[s] civil rights by colluding, conspiring, and cooperating with an entity that receives Federal funds, the Tenderloin Housing Clinic."[19] This does not allow him to plead a Section 1983 claim against Mr. Scarcello. First, Mr. Thomas's assertions that Mr. Scarcello colluded, conspired, or cooperated with THC are conclusory. Second, and more importantly, Mr. Thomas does not cognizably plead that THC is a state actor either. That THC might have received federal funds, without more, does not make it a state actor. *Cf. Atterbury v. Sanchez*, No. CV 11-4932 SI, 2012 WL 3638571, at *6 (N.D. Cal. Aug. 22, 2012) ("[N]umerous courts in this District have found that the receipt of HUD or other federal funds is insufficient to establish that landlords acted under color of state law in making housing decisions.") (collecting cases). THC's alleged involvement thus does not make Mr. Scarcello a state actor and does not give Mr. Thomas an avenue to pleading a Section 1983 claim against him.

**CONCLUSION**

The court dismisses Mr. Thomas's claims against Mr. Scarcello.

The court gives Mr. Thomas leave to replead against Mr. Scarcello. Mr. Thomas may file an amended complaint within fourteen days of the date of this order repleading claims against Mr. Scarcello. (The court does not grant Mr. Thomas leave at this juncture to amend or add to his claims against any defendants other than Mr. Scarcello or to add any new defendants.) If Mr. Thomas does not timely file an amended complaint with valid, legally cognizable claims against

---

[19] Pl. Resp. – ECF No. 117 at 2.

Mr. Scarcello, the court will dismiss Mr. Thomas's claims against Mr. Scarcello with prejudice and dismiss Mr. Scarcello from the case.[20]

**IT IS SO ORDERED.**

Dated: November 6, 2019

_____
LAUREL BEELER
United States Magistrate Judge

---

[20] Mr. Thomas should caption any new complaint he files the "Third Amended Complaint." The court notes for Mr. Thomas's benefit that an amended complaint wholly supersedes, as opposed to merely supplementing, an earlier complaint, so if he files a Third Amended Complaint, he cannot rely on his earlier complaints and must reinclude all claims and factual allegations that he wishes to pursue in this case (including claims and factual allegations against the other defendants) in his Third Amended Complaint. The court also notes for Mr. Thomas's benefit that his filing a Third Amended Complaint will reset the deadline for the other defendants to respond to his complaint (including by filing a motion to dismiss). In light of this, Mr. Thomas may wish to consider whether he wants to file a new complaint or would rather continue with his current operative SAC against the defendants other than Mr. Scarcello.